Case 1:10-cv-00844-GJQ ECF No. 1, PageID.1 Filed 08/24/10 Page 1 of 11

FILED - GR
August 24, 2010 3:50 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__cr__/____ SCANNED BY: _____ 8-25

Q/C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **John Haarsma,** | ) | |
| | ) | |
| Plaintiff, | ) | **1:10-cv-00844** |
| | ) Hon. | **Gordon J Quist** |
| v. | ) | **U.S. District Judge** |
| | ) | |
| **Focus Receivables Management,** | ) | |
| LLC, a Georgia limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### Complaint

**I.      Introduction**

1.      This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.     Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.    Parties**

3.      Plaintiff John Haarsma is a natural person residing in Ottawa County, Michigan. Mr. Haarsma is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Mr. Haarsma is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Focus Receivables Management, LLC ("FRM") is a Georgia limited liability company. According to its website (www.focuFRM.com), FRM maintains an office at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067. The registered agent for FRM in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. FRM uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. FRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. FRM is a "debt collector" as the term is defined and/or used in the FDCPA. FRM is licensed (No. 2401001629) by the State of Michigan to collect debts in Michigan. FRM is a "collection agency" and "licensee" as the terms are defined and/or used in MOC.

**IV. Facts**

5. Mr. Haarsma had a credit account with DirectTv which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that Mr. Haarsma became delinquent on his obligation to pay the alleged debt.

7. The original creditor or a successor in interest hired FRM to collect the alleged debt from Mr. Haarsma.

8. Alternatively, FRM purchased the debt after the account allegedly became delinquent.

9. Mr. Haarsma disputes the alleged debt.

10. Mr. Haarsma refuses to pay the alleged debt.

11. In the one-year period immediately preceding the filing of this complaint, a FRM employee telephoned Mr. Haarsma and left a recorded message on Mr. Haarsma's voice mail or telephone answering machine, stating that the caller had left prior messages for Mr. Haarsma and asking Mr. Haarsma to telephone 866-873-8653:

12. FRM telephoned Mr. Haarsma in connection with an effort to collect an alleged debt.

13. The only reason FRM telephoned Mr. Haarsma was to attempt to collect a debt.

14. FRM telephoned Mr. Haarsma and left a recorded message on Mr. Haarsma's voice mail or telephone answering machine for the purpose of inducing Mr. Haarsma to telephone FRM to discuss an alleged debt.

15. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine conveyed information regarding a debt directly or indirectly to Mr. Haarsma.

16. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine was a "communication" as the term is defined and/or used in the FDCPA and MOC.

17. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine did not disclose in the message that the telephone call was from a debt collector.

18. By failing to disclose in a recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine that the caller was a debt collector, FRM violated the

FDCPA, 15 U.S.C. § 1692e(11).

19. When FRM left the recorded messages for Mr. Haarsma on his voice mail or telephone answering machine, FRM was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

20. ACA International ("ACA") is a trade group for debt collectors.

21. FRM is a member of ACA. According to the ACA website, FRM has been a member of ACA since 2009.

22. Over the past two or more years, ACA sent multiple writings to its members, including FRM, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

23. When FRM telephoned Mr. Haarsma and left a message on his voice mail or telephone answering machine, it was the practice of FRM in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

24. FRM left a recorded messages on Mr. Haarsma's voice mail or telephone answering machine that did not disclose in the message that the telephone call was from FRM.

25. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone

answering machine did not disclose in the message that the telephone call was from FRM.

26. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine did not disclose in the message the name of the company that was placing the telephone call to Mr. Haarsma.

27. FRM left a recorded message on Mr. Haarsma's voice mail or telephone answering machine that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

28. When FRM telephoned Mr. Haarsma and left a message on his voice mail or telephone answering machine, it was the practice of FRM in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from FRM.

29. When FRM telephoned Mr. Haarsma and left a message on his voice mail or telephone answering machine, it was the practice of FRM in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message the name of the company that was placing the telephone call.

30. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine did not reveal in the message the purpose of the telephone call.

31. The recorded message left by FRM on Mr. Haarsma's voice mail or telephone answering machine concealed the purpose of the telephone call.

32. The recorded message left by FRM and its employee on Mr. Haarsma's voice mail or telephone answering machine did not reveal and/or concealed the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

33. When FRM telephoned Mr. Haarsma and left a message on his voice mail or telephone answering machine, it was the practice of FRM in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without revealing in the message the purpose of the telephone call.

34. When FRM telephoned Mr. Haarsma and left a message on his voice mail or telephone answering machine, it was the practice of FRM in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed the purpose of the telephone call.

35. In the one-year period immediately preceding the filing of this complaint, FRM in efforts to collect a debt telephoned more than one hundred consumers with Michigan addresses and left recorded messages on the voice mail or telephone answering machine of the person called, without disclosing in the message that the telephone call was from a debt collector.

36. In the one-year period immediately preceding the filing of this complaint, FRM in efforts to collect a debt telephoned more than one hundred consumers with Michigan addresses and left recorded messages on the voice mail or telephone answering machine of the person called, without disclosing in the message the name of the company that was placing the telephone call.

37. In the one-year period immediately preceding the filing of this complaint, FRM in efforts to collect a debt telephoned more than one hundred consumers with Michigan addresses and left recorded messages on the voice mail or telephone answering machine of the person called, without revealing in the message the purpose of the telephone call.

38. In the one-year period immediately preceding the filing of this complaint, FRM in efforts to collect a debt telephoned more than one hundred consumers with Michigan addresses and left recorded messages on the voice mail or telephone answering machine of the person called, which message concealed the purpose of the telephone call.

39. The FRM employee violated FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not disclose in the message that the telephone call was from a debt collector.

40. The FRM employee did not violate FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not disclose in the message that the telephone call was from a debt collector.

41. The FRM employee violated FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not disclose in the message that the telephone call was from FRM.

42. The FRM employee did not violate FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not disclose in the message that the telephone call was from FRM.

43. The FRM employee violated FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not state in the message the name of the company that was placing the telephone call to Mr. Haarsma.

44. The FRM employee did not violate FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not state in the message the name of the company that was placing the telephone call to Mr.

Haarsma.

45. The FRM employee violated FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not reveal in the message the purpose of the telephone call.

46. The FRM employee did not violate FRM company policy when the FRM employee left a message on Mr. Haarsma's voice mail or telephone answering machine and did not reveal in the message the purpose of the telephone call.

47. The FRM employee intended to speak the words that she spoke when the FRM employee left the recorded message on Mr. Haarsma's voice mail or telephone answering machine.

48. In August 2010, Mr. Haarsma spoke by telephone with a FRM employee identified as Kevin. The FRM employee stated that FRM has been hired by DirectTv to collect an alleged and small debt from Mr. Haarsma in the amount of $590.03. The FRM demanded payment of the debt. The FRM employee stated that FRM would settle the debt for a payment of $354.02. The FRM employee stated the debt was not yet being reported to the credit bureaus, but that the debt was on the verge of being reported to the credit bureaus and that the debt would be reported to the credit bureaus in the near future. The FRM employee stated that once the debt is reported to the credit bureaus, derogatory information regarding the debt would remain on Mr. Haarsma's credit report indefinitely and until the debt has been paid.

49. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven

years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

50. The FRM employee made false statements regarding the length of time for which derogatory information regarding the debt could be reported on Mr. Haarsma's consumer report.

51. The FRM employee who spoke by telephone with Mr. Haarsma intended to speak the words he spoke to Mr. Haarsma.

52. FRM failed to send Mr. Haarsma a timely notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g.

53. FRM and its employees intentionally and wilfully violated the FDCPA and MOC.

54. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

55. Plaintiff incorporates the foregoing paragraphs by reference.

56. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection

      with the collection of a debt;

b)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

c)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

d)     Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)     Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

57.     Plaintiff incorporates the foregoing paragraphs by reference.

58.     Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c)     Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or

10

    threatened, and (ii) the legal rights of a creditor or debtor;

d) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

e) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: August 24, 2010

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com